

MINUTE ENTRY
April 5, 2001
SEAR, J.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COPELCO CAPITAL, INC. | * | CIVIL ACTION |
| VERSUS | * | NO: 00-00401 |
| MITCHEL & CASAMA, INC., et al. | * | SECTION: "G" (4) |

### Background

On February 8, 2000, Copelco Capital, Inc. ("Copelco") filed a complaint claiming the principal sum of $316,422.22 in connection with medical equipment leased to defendant, Mitchell & Casama, Inc. George Mitchell, as guarantor on the three leases, was also named as a defendant.

On June 1, 2000, having been advised that the parties settled this matter, I entered an order of dismissal. Pursuant to the

-1-

DATE OF ENTRY
APR - 9 2001

order, plaintiff's claims were dismissed "without prejudice to the right, upon good cause shown, within 60 days, to seek summary judgment enforcing the compromise if it is not consummated by that time."

On March 9, 2000, more than ten months after entry of the order of dismissal, plaintiff filed its motion to enforce the settlement and for entry of a consent judgment.

Discussion

Plaintiff attaches to it motion as Exhibit "A," correspondence dated May 18, 2000, which purports to reflect the agreement between the parties. Exhibit "A" consists of a letter from plaintiff's counsel to defendants' counsel, submitting an offer to settle the claim for the sum of $316,664.19, payable over thirty-six months, at the monthly rate of $8,800. Further, the agreement was to be secured by a consent judgment for the full amount prayed for, together with interest, costs and attorney's fees, as well as "any and all penalties." Finally, the defendants were to pay any property taxes or other levies on the property from the date of settlement forward. Also attached as part of Exhibit "A" was a

partial copy of the first page of the plaintiff's settlement letter, with the following handwritten notation apparently signed by defendants' counsel: "Kurt, O.K.-- If we make the first payment due on June 15, 2000. Barry."

According to plaintiff, defendants made five payments pursuant to the agreement, for the months of June, 2000 through October, 2000, inclusive. Defendants failed to make any further payments. Further, defendants failed to sign the formal settlement agreement and consent judgment forwarded to it by plaintiff's counsel on June 1, 2000. Inexplicably, copies of the purported settlement agreement and consent judgment are not attached to the plaintiff's motion. However, plaintiff's counsel does attach as Exhibit "B," a copy of a letter of August 2, 2000, again requesting signature of the settlement documents.

Plaintiff attaches two other letters, labeled as Exhibit "C," and Exhibit "D," which reflect plaintiff's December 27, 2000 attempt to obtain payment and defense counsel's January 11, 2001 response that defendants were seeking a loan with which to pay the debt.

-3-

Plaintiff claims in its motion that defendants failed to obtain financing to pay this debt, and plaintiff seeks enforcement of the settlement agreement and entry of the consent judgment.

Neither defendant has filed a response to plaintiff's motion. However, plaintiff did not obtain execution of the settlement agreement and consent judgment, and has not submitted with its motion copies of either the unsigned agreement or judgment.

Under Local Civil Rule 41.2(E), plaintiff is required to file a motion to have the dismissal set aside and for summary judgment enforcing the settlement. Since plaintiff has not complied with Local Civil Rule 41.2(E), plaintiff's motion is denied, without prejudice. Plaintiff may choose to file a motion to request that the dismissal be set aside, and for summary judgment supported by such documents and/or affidavits necessary to demonstrate that there is no issue of material fact that the parties have settled this matter.

Accordingly,

Considering the foregoing,

IT IS ORDERED, that plaintiff's motion to enforce settlement

and enter consent judgment is DENIED.

New Orleans, Louisiana, this \_\_6th\_\_ day of April, 2001.

							/s/ Morey L. Sear
							MOREY L. SEAR
							UNITED STATES DISTRICT JUDGE